# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL A. JIMENEZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>WENCIKER, et al.,<br><br>　　　　Defendants. | CASE NO. 1:07-cv-01191-LJO-GSA PC<br><br>**FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT DEFENDANT'S MOTION TO DISMISS BE GRANTED WITH LEAVE TO AMEND**<br><br>(Doc. 31)<br><br>**OBJECTIONS DUE WITHIN TWENTY DAYS** |

**Findings and Recommendations**

I. **Relevant Procedural History**

Plaintiff Miguel A. Jimenez ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's claims under section 1983 against Defendants R. Wenckier, E. Nocye, Charles O'Brien, and Harold Tate ("Defendants") for deliberate indifference to his serious medical needs in violation of the Eighth Amendment. On May 26, 2009, Defendants filed a motion to dismiss. (Doc. 31.) On June 12, 2009, Plaintiff filed an opposition to Defendant's motion to dismiss. (Doc. 35.) Defendants did not file a reply.

II. **Defendants' Motion**

Defendants move for dismissal on the grounds that Plaintiff failed to state a claim for

relief against Defendants O'Brien and Tate;[1] and that Plaintiff's request for injunctive relief should be dismissed because of the pendency of class actions that subsume such relief. (Doc. 31, MTD, 1:24-28.)

### III. Failure to State a Claim

#### A. Legal Standard

Defendant argues that Plaintiff fails to allege sufficient facts to state a claim against him. "The focus of any Rule 12(b)(6) dismissal . . . is the complaint," *Schneider v. California Dept. of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998), which must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ," Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)); *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. *Iqbal*, 129 S.Ct. at 1949-50; *Moss*, 572 F.3d at 969.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Iqbal* at 1949 (*citing Twombly* at 555), and courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

#### B. Eighth Amendment Claim

Where a prisoner's Eighth Amendment claim is one of inadequate medical care, the prisoner must allege and prove "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Such a claim has two elements: "the seriousness of the prisoner's medical need and the nature of the

---

[1] While the motion to dismiss is auspiciously brought on behalf of all four Defendants the only arguments presented are directed towards Plaintiff's claims against Defendants O'Brien and Tate. Thus, only Plaintiff's claims against Defendants O'Brien and Tate are reviewed herein.

2

defendant's response to that need." *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir.1991). A medical need is serious "if the failure to treat the prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" *McGuckin*, 974 F.2d at 1059 (*quoting Estelle*, 429 U.S. at 104). Indications of a serious medical need include "the presence of a medical condition that significantly affects an individual's daily activities." *Id.* at 1059-60. By establishing the existence of a serious medical need, a prisoner satisfies the objective requirement for proving an Eighth Amendment violation. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

If a prisoner establishes the existence of a serious medical need, he must show that prison officials responded to the serious medical need with deliberate indifference. *Farmer*, 511 U.S. at 834. "Deliberate indifference is a high legal standard." *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir.2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" *Id.* at 1057 (*quoting Farmer*, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" *Id.* (*quoting Gibson v. County of Washoe, Nevada*, 290 F.3d 1175, 1188 (9th Cir. 2002)).

Plaintiff's Complaint alleges that during his incarceration at Ironwood State Prison he was diagnosed with kertaconous (a condition where the cornea becomes thin and changes to a more conical shape than normal) and had been fitted for and received a pair of rigid gas permeable ("RGP") contact lenses both the help him see and for "medical curative reasons." (Doc. 1, Compl., p. 4.) This qualifies as a serious medical need. Plaintiff alleges that upon being transferred to California Correctional Institution ("CCI") his RGP contacts were confiscated and that it subsequently took so long for Plaintiff to once again obtain RGP contacts that he is now blind in his left eye and has diminished vision in his right eye. Defendants O'Brien and Tate reviewed and processed Plaintiff's ADA Reasonable Modification Form and 602 inmate appeal (respectively) through which Plaintiff pursued his requests for RGP contacts and/or cornea transplant surgery.

3

Plaintiff's Complaint was screened on February 10, 2009 and was found to state cognizable claims for relief under the Eighth Amendment as to all Defendants. On May 18, 2009, the United States Supreme Court issued its decision in *Iqbal*. The Ninth Circuit's latest pleading case erases any doubt that there has been a significant departure from prior cases holding that a complaint may be dismissed only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. *Moss* at 972. Accordingly, in light of *Iqbal*, the Court finds that Plaintiff's allegations that Defendants O'Brien and Tate were "aware of Plaintiff's medical needs and that Plaintiff was fitted with contacts at Ironwood State Prison in hopes to control the 'keratoconus' and to re-mold the cornea" but failed to attend to Plaintiff's medical needs as 'serious needs' and their 'deliberate indifference' resulted in Plaintiff becoming blind from his left eye and right [sic] eye has worsen [sic] a lot, since Plaintiff was transffer [sic] to CCI" (Doc. 1, Compl., pp. 4-5) to be conclusory statements which do not rise to the level of stating a cognizable claim. The Court further finds that while the portions of Plaintiff's medical file attached to the Complaint[2] discuss Plaintiff's keratoconus and fitting with rigid gas permeable contact lenses and indicates RPG contacts would be required to improve his vision further, there is no implication upon which to infer that Defendants O'Brien and Tate knew that RPG contacts were required on an immediate basis to prevent Plaintiff's eye condition from deteriorating to an irreparable state and intentionally acted so as to delay Plaintiff's treatment. Thus, Plaintiff's Complaint does not show that Defendants O'Brien and Tate were deliberately indifferent to Plaintiff's keratoconus when they denied Plaintiff's request for RPG contacts and/or cornea transplant surgery – particularly since they referred Plaintiff on an immediate basis and confirmed that an appointment was scheduled (respectively) with an ophthalmologist to advise on necessary treatment. Plaintiff has not alleged sufficient facts to show that either Defendant O'Brien or Tate were "not only '[] aware of the facts from which the

---

[2] Plaintiff attached and properly incorporated by reference a handful of exhibits which illuminate various allegations contained in his Complaint. A court may consider "material which is properly submitted as part of the complaint" on a motion to dismiss without converting [a] motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994) overruled on other grounds in *Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002).

inference could be drawn that a substantial risk of serious harm exists,' but . . . 'also [drew] the inference,'" *Toguchi*. 391 F.3d at 1057 (*quoting Farmer*, 511 U.S. at 837), and thereafter acted with deliberate indifference to Plaintiff's condition.

The Court finds that Plaintiff has failed to state a claim upon which relief may be granted so as to justify granting Defendant's motion to dismiss Plaintiff's claims against Defendants O'Brien and Tate for deliberate indifference to his serious medical need in violation of the Eighth Amendment with leave to amend.

Further, the Court notes and agrees with Defendants' argument that any of Plaintiff's claims against Defendant Tate brought solely under a theory of respondeat superior are not cognizable and subject to dismissal.³ Supervisory personnel are generally not liable under section 1983 for the actions of their employees under a theory of *respondeat superior* and, therefore, when a named defendant holds a supervisory position, the causal link between him and the claimed constitutional violation must be specifically alleged. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978), *cert. denied*, 442 U.S. 941 (1979). To state a claim for relief under section 1983 based on a theory of supervisory liability, Plaintiff must allege some facts that would support a claim that supervisory defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Under section 1983, liability may not be imposed on supervisory personnel for the actions of their employees under a theory of *respondeat superior*. *Iqbal*, 129 S.Ct. at 1949. "In a §1983 suit or a Bivens action - where masters do not answer for the torts of their servants - the term 'supervisory liability' is a misnomer." *Id.* Knowledge and acquiescence of a subordinate's misconduct is insufficient to

---

³ Though the only claim found cognizable and upon which this case is proceeding against Defendant Tate were for Defendant Tate's deliberate indifference to Plaintiff's serious medical needs in violation of the Eighth Amendment and not under the theory of *respondeat superior*. (Doc. 15.)

establish liability; each government official is only liable for his or her own misconduct. *Id.* Thus, if Plaintiff chooses to amend his claim against Defendant Tate, he must state allegations sufficient to show that Defendant Tate: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" *Hansen.*

### IV. Injunctive Relief

Defendant contends that ". . . Plaintiff's request for injunctive relief must be dismissed because of the pendency of class actions that subsume such relief." (Doc. 31, MTD, p. 1.) In his opposition, Plaintiff states that he "seeks money damages for CCI's custody staff [sic] actions of confiscating Plaintiff's contact lenses without notifying for [sic] medical staff for approval to do so, resulting in very serious visual impairment to Plaintiff, [and that] Plaintiff solely seeks to sue for money damages the . . . Defendant(s), not the medical establishment, for failure to act on Plaintiff's serious medical needs." (Doc. 35, Opp. to MTD, p. 5.)

Thus, based on the concessions and/or representations made in Plaintiff's oppositions, and without reaching the merits of this issue, Defendant's motion to dismiss Plaintiff's request for injunctive relief should be granted.

### V. Conclusion and Recommendation

Based on the foregoing, it is HEREBY RECOMMENDED that Defendants' motion to dismiss, filed May 26, 2009, be granted as follow:

1. Defendant's motion to dismiss Plaintiff's Eighth Amendment claims against Defendants O'Brien and Tate for deliberate indifference to Plaintiff's serious medical needs be GRANTED and Plaintiff's claims based thereon be dismissed, with leave to amend; and

2. Defendant's motion to dismiss Plaintiff's request for injunctive relief be GRANTED as Plaintiff has indicated that he solely seeks to sue for money damages.

These Findings and Recommendations will be submitted to the United States District

Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **twenty (20)** days after being served with these Findings and Recommendations, the parties may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **February 12, 2010**               **/s/ Gary S. Austin**
                                           UNITED STATES MAGISTRATE JUDGE