IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL A. JIMENEZ, | 1:07-cv-01191-LJO-GSA-PC |
| Plaintiff, | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS |
| vs. | (Doc. 37.) |
| WENCIKER, et al., | ORDER GRANTING DEFENDANTS' MOTION TO DISMISS |
| | (Doc. 31.) |
| | ORDER DISMISSING CLAIMS AGAINST DEFENDANTS O'BRIEN AND TATE, WITH LEAVE TO AMEND |
| | (Doc. 31.) |
| Defendants. | THIRTY DAY DEADLINE FOR PLAINTIFF TO EITHER FILE FIRST AMENDED COMPLAINT, OR NOTIFY COURT OF HIS WILLINGNESS TO PROCEED ONLY AGAINST DEFENDANTS WENCIKER AND NOYCE |

Miguel A. Jimenez ("plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

On February 12, 2010, findings and recommendations were entered, recommending that defendants' motion to dismiss, filed May 26, 2009, be granted, with leave to amend. (Doc. 37.) On April 15, 2010, plaintiff filed objections to the findings and recommendations. (Doc. 41.)

1

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(B) and Local Rule 73-305, this court has conducted a <u>de novo</u> review of this case.  Having carefully reviewed the entire file, including plaintiff's objections, the court finds the findings and recommendations to be supported by the record and proper analysis.

Accordingly, plaintiff shall be granted leave to file an amended complaint, if he so wishes.  Within thirty days, plaintiff must either file an amended complaint or notify the court in writing that he is willing to proceed only against defendants Wenciker and Noyce on his Eighth Amendment medical claim.

Should plaintiff choose to amend the complaint, plaintiff must demonstrate in his amended complaint how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  <u>See</u> <u>Ellis v. Cassidy</u>, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976); <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir. 1980); <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff should note that although he has the opportunity to amend, it is not for the purpose of adding new defendants relating to issues arising after August 16, 2007.  In addition, plaintiff should take care to include only those claims that have been exhausted prior to the initiation of this suit on August 16, 2007.

Finally, the First Amended Complaint, if any, should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, THE COURT HEREBY ORDERS that:

1. The findings and recommendations issued by the Magistrate Judge on February 12, 2010, are adopted in full;

2. Defendants' motion to dismiss is GRANTED, with leave to amend;

3. Plaintiff's Eighth Amendment claims against defendants O'Brien and Tate for deliberate

indifference to plaintiff's serious medical needs are DISMISSED, with leave to amend;

    4. Plaintiff's request for injunctive relief is DISMISSED;

    5. Plaintiff is granted leave to file a First Amended Complaint within thirty days of the date of service of this order, if he so wishes;

    6. The First Amended Complaint, if any, should be clearly and boldly titled "First Amended Complaint," refer to case number 1:07-cv-01191-LJO-GSA-PC, and be an original signed under penalty of perjury;

    7. The Clerk of the Court shall send to plaintiff one civil rights complaint form; and

    8. Plaintiff's failure to file a First Amended Complaint shall result in the dismissal of defendants O'Brien and Tate from this action.

IT IS SO ORDERED.

**Dated:   April 19, 2010**          /s/ Lawrence J. O'Neill
                                                UNITED STATES DISTRICT JUDGE